Dewey, J.
This is an action of debt founded on the offi *558 cial bond of one Weaver, sheriff of Dearborn county, who was dead at the commencement of the suit. The action is against his sureties, in the name of the State, on the relation of Hewitt and others. The bond is conditioned for the faithful discharge by Weaver of the duties of his office, &c. The breach assigned is, that Weaver did not return a certain writ of fieri faeias, which had been placed in his hands by the relators. The defendants, among other pleas, pleaded, That on the return, day of the execution, and for six days previous thereto, Weaver “was sick of fever and confined to his bed, and thereby rendered incapable of returning said writ, or of attending to the business or duties of his office; ” and so continued until several days after the return day, and until his death. General demurrer to this plea overruled, and final' judgment for the defendants.
A sheriff failing to return an execution on or before the return day thereof, is liable to an action against himself and sureties on his bond, and to a judgment for the full amount of the execution, with ten per cent, thereon, and costs, unless he show cause satisfactory to the Court, why such judgment should not be rendered. R. S., 1838, p. 286.
The question is whether the plea exhibits that cause.
The general rule of law is, that when a legal duty is de volved upon a public officer, and it becomes impossible through the act of God to perform it, the officer is excused. The breach of the bond complained of is the failure of the officer in his duty in not returning an execution. The excuse alleged by his sureties is, that he was rendered incapable of performing that, or any other duty, by sickness. The ¿lemurrer admits the truth of the excuse. The officer was, Consequently, not only unablé to return the writ himself, but he was not able to appoint a deputy, or if he already had one, to transfer the writ to him. If the sheriff was not disabled in the manner, or to the extent alleged, the plea should have been denied. We think the defendants have shown a satisfactory cause why the severe judgment, prescribed by the statute, should not be rendered against them.
Z>. Macy, for the plaintiff.
J. Bynian and P. L. Spooner, for the defendants.
Per Curiam.—The judgment is affirmed with costs